IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTHA TEKLETSION, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-06-857 |
| | § | Criminal Action No. H-04-79-4 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## ORDER

Pending before the Court are Petitioner Martha Tekletsion's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence By a Person In Federal Custody (Civil Document No. 3; Criminal Document No. 199) and the United States of America's Motion to Dismiss (Civil Document No. 4; Criminal Document 204). After considering the motions, submissions, and applicable law, the Court determines that Tekletsion's § 2255 motion should be denied, and the United States' motion should be granted.

## BACKGROUND FACTS

On February 26, 2004, a federal grand jury indicted Petitioner Martha Tekletsion ("Tekletsion") on one count of conspiracy to make or present false claims under 18

U.S.C. § 286 and three counts of aiding and abetting others in making false and fraudulent claims. Tekletsion plead guilty to the first count of the indictment, and pursuant to a plea agreement, the Government dismissed the remaining counts. On October 1, 2004, the Court sentenced her to fifteen months in prison followed by three-year term of supervised release.

At Tekletsion's sentencing, the court recommended that if she was eligible, the Bureau of Prisons ("BOP") designate Tekletsion to its Intensive Confinement Center Program ("ICC") to serve her sentence.[1] Alternatively, the Court recommended that Tekletsion be assigned to a prison facility near Houston, Texas. Subsequently, on January 14, 2005, the BOP terminated ICC because of budgetary constraints and its conclusion that the program did not decrease recidivism. Thus, Tekletsion completed her prison term in the general prison population at Madison Federal Prison Camp in Bryan, Texas. She was subsequently released, and is currently serving her term of supervised release.

On July 19, 2005, Tekletsion filed a motion for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and sought a temporary restraining order to correct her allegedly

---

[1] The ICC program, which was authorized by Congress, is a federal boot camp program administered by the BOP. Successful completion of ICC entitles prisoners to early release consideration and eligibility to finish their sentence in less restrictive community confinement programs. Additionally, a prisoner who had a period of supervised release following his or her sentence would be eligible for up to a six-month reduction in that sentence.

invalid sentence. On March 14, 2006, United States District Judge Sim Lake denied her §2241 motion, concluding that Tekletsion did not have standing and that she failed to state a valid claim upon which relief could be granted. However, he severed one of Tekletsion's claims, finding that to the extent she alleged a due process claim against the sentence itself, it should be construed as a § 2255 motion. On March 15, 2006, Tekletsion filed the instant motion pursuant to 28 U.S.C. § 2255 alleging a due process violation in her sentence. In response, the Government asserts that the ICC recommendation was just that–a recommendation– and not part of Tekletsion's sentence. Thus, the Government argues, Tekletsion's sentence was constitutional.

## STANDARD OF REVIEW

Claims that challenge the imposition of a sentence must be brought under 28 U.S.C. § 2255 and presented to the sentencing judge. *Reyes-Reguena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001). Section 2255 provides the primary means of collateral attack on a federal sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Under § 2255, the sentencing court is authorized to discharge or resentence a defendant if it concludes that it "was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *United States v. DeLario*, 120 F.3d 580, 582

(5th Cir. 1997). Errors of law or fact do not provide a basis for a collateral attack unless the alleged error constitutes a fundamental defect that inherently resulted in a complete miscarriage of justice. *United States v Addonizio*, 442 U.S. 178, 185 (1979). Further, claims must be based on an objectively ascertainable error to be cognizable under § 2255. *Id.* at 187. The mere frustration of the sentencing court's subjective intent in sentencing is not cognizable under a § 2255 motion. *Id.* 187-88.

## LAW AND ANALYSIS

**A. Statute of Limitations and Mootness**

A § 2255 motion must be filed within one year from the latest of the date: (1) of final judgement of conviction; (2) of removal of impediment to making motion; (3) on which the right asserted was initially recognized by the United States Supreme Court; or (4) on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 (2005). The parties do not dispute that Tekletsion could not have discovered the facts to support her claim before the date of the formal cancellation of ICC on January 14, 2005. Thus, her initial § 2241 motion, originally filed in July 2005, was timely.

Additionally, the parties agree that despite Tekletsion's release from prison, her § 2255 claim is not moot. The United States Court of Appeals for the Fifth Circuit has

determined that a petitioner's § 2255 motion is not moot so long as the petitioner remains on supervised release. *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006). Accordingly, a district court may alter the period of supervised release if it determines that the petitioner has served excess prison time. *Id.* Thus, Tekletsion asks the Court to vacate her sentence and revise the length of her supervised release.

**B. Due Process Claims**

Under § 2255, the sentencing court is authorized to vacate or modify a sentence only if the court lacked jurisdiction to impose the sentence, or the sentence violates federal law or the United States Constitution. *United States v. DeLario*, 120 F.3d at 582. Due process guarantees all defendants the right to be sentenced under an accurate understanding of the law and any facts relevant to sentencing. *See generally Townsend v. Burke*, 334 U.S. 736, 740-41 (1948); *United States v. Tucker*, 404 U.S. 443, 447 (1972). However, an error of law or fact must be fundamental in nature to render the entire sentencing proceeding invalid. *Addonizio,* 442 U.S. at 186 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Tekletsion argues her sentence is invalid because the Court based her sentence on the materially-false assumption that she could be placed in ICC. She ostensibly asserts the Court assumed ICC would be available and tailored her sentence accordingly. Thus, she argues, the termination of ICC resulted in a fundamental error

in her sentence which constitutes a due process violation. Ultimately, she asks that the Court reduce her supervised release term in order to conform to what she asserts the Court intended. In response, the Government argues her placement in ICC was only a recommendation and not part of her sentence. Therefore, the Government contends, Tekletsion's non-participation in ICC did not alter or affect the lawful sentence.

The Fifth Circuit has found similar claims insufficient to bring a collateral attack under § 2255. *See Delario*, 120 F.3d at 582 (concluding a policy change that lengthens the time before a petitioner is eligible for parole only affects the way a sentence is carried out, not the legality of the sentence itself, and therefore finding no cognizable § 2255 claim).

Reliance on misinformation during a sentencing proceeding only constitutes a fundamental error if that misinformation is of a constitutional magnitude. *Id.* at 187. Moreover, a change in BOP policy which merely frustrates the sentencing judge's presumed expectation of when a prisoner will be released or where the prisoner will serve his sentence does not constitute reliance on "misinformation of a constitutional magnitude." *DeLario*, 120 F.3d at 582; *Addonizio*, 442 U.S. at 186-87. A claim based on the frustration of the sentencing court's expectation does not provide a ground for collateral attack under § 2255. *Addonizio*, 442 U.S. at 187.

In the instant case, the Court concludes it did not rely on misinformation of a

constitutional magnitude because the BOP always maintained the discretion to place Tekletsion in ICC after her sentencing. *See United States v. Eakman,* 378 F.3d 294 (3d Cir. 2004) (noting the BOP has exclusive authority to determine the place of imprisonment under 18 U.S.C. § 3621(b)). Additionally, at the time of her sentencing, the Court was aware that the BOP had ultimate discretion in its placement of prisoners. As such, the Court recommended Tekletsion's placement in ICC *if* the BOP determined she was eligible. Thus, the fact that the BOP has exercised its discretion to terminate ICC does not provide grounds for collateral attack under § 2255. *See Addonizio*, 442 U.S. at 187.

Assuming arguendo that Tekletsion's claim was cognizable, the Court continues its analysis. Tekletsion alleges the Court based her sentencing on "material false assumptions" in recommending that she be placed in the ICC program because the Court falsely assumed the BOP would continue the ICC program. Thus, she argues this false assumption amounts to a due process violation.

Some courts have found this type of claim cognizable under § 2255. *See, e.g., United States v. McLean,* No. CR 03-30066-AA, 2005 WL 2371990, at *5 (D. Or. Sept. 27, 2005)*; Mendez v. United States.,* No. EP-05-CA-0171-FM*,* 2005 WL 2371979, at *3 (W.D. Tex. Sept. 23, 2005). These courts consider whether the sentencing court relied on the continuing availability of ICC at the time of sentencing.

*See also LeClaire v United States*, No. 2:02CR128, 2006 WL 978707, at *3 (D. Vt. April 10, 2006). Generally, courts have focused on the timing of the sentencing proceeding relative to the termination of the program. The courts that have considered the issue have determined that if ICC was operating at the time the sentencing court made its recommendation, then the court could not have relied on misinformation. *See Mendez*, 2005 WL 2371979, at *2. However, if the sentencing court made its recommendation for placement of a defendant in ICC *after* the BOP terminated the program, the court may have relied on misinformation. *See McLean*, 2005 WL 2371990, at *5.

In the instant case, the Court sentenced Tekletsion in October 2004, which was prior to the BOP's notification to courts that it planned to terminate ICC. Therefore, even if Tekletsion's due process claim is cognizable under § 2255, the Court did not rely on any misinformation. *See Mendez*, 2005 WL 2371979, at *2 (finding that the court did not rely on misinformation at the time of sentencing because the ICC program was available and placement in the program was only a recommendation). Accordingly, Tekletsion's § 2255 motion is denied. Given the foregoing, the Court hereby

ORDERS that Martha Tekletsion's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person In Federal Custody (Civil Document No. 3; Criminal Document No. 199) is DENIED. The Court further

ORDERS that the United States of America's Motion to Dismiss (Civil Document No. 4; Criminal Document No. 204) is GRANTED.

SIGNED at Houston, Texas, on this 22nd day of June, 2006.

_____
DAVID HITTNER
United States District Judge